103 F.3d 129
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Charles E. JACKSON, Plaintiff-Appellant,
v.
Vernie Edward BRADLEY; Virgil Conn; City of Allen,
Defendants-Appellees.
 No. 96-5401.
 United States Court of Appeals, Sixth Circuit.
 Nov. 25, 1996.
 
 Before: KEITH, MERRITT, and SUHRHEINRICH, Circuit Judges.
 
 ORDER
 
 1
 Charles E. Jackson appeals a district court grant of summary judgment for defendants in this civil rights action filed under 42 U.S.C. § 1983. The parties have expressly waived oral argument. Upon consideration, this panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 2
 Jackson filed his complaint and an amended complaint in the district court alleging that he was unlawfully arrested and detained by defendant Bradley while Bradley was impersonating a City of Allen, Kentucky, police officer after Bradley's resignation from that police force. Plaintiff also named as defendants the City of Allen and its police chief, who was also present during plaintiff's arrest. Plaintiff named the individual defendants in unspecified capacities and sought injunctive relief and compensatory and punitive damages. After an entry of default was entered against defendant Bradley, plaintiff and the remaining defendants filed cross-motions for summary judgment and responses in opposition. The district court granted defendants' motion, vacated the entry of default against defendant Bradley, and entered judgment for defendants. Plaintiff filed a timely Fed.R.Civ.P. 59(e) motion, which the district court denied. Plaintiff then filed a timley notice of appeal.
 
 
 3
 On appeal, plaintiff expressly waives oral argument and contends that his arrest and imprisonment by defendant Bradley was illegal and gives rise to a claim cognizable under § 1983. Defendants Virgil Conn and the City of Allen also expressly waive oral argument and contend that the district court's judgment was proper. Upon consideration, we affirm the district court's judgment for reasons other than those stated by the district court. See Russ' Kwik Car Wash, Inc. v. Marathon Petroleum Co., 772 F.2d 214, 216 (6th Cir.1985) (per curiam).
 
 
 4
 A grant of summary judgment will be reviewed de novo on appeal. Brooks v. American Broadcasting Cos., 932 F.2d 495, 500 (6th Cir.1991). Generally, summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to [a] judgment as a matter of law." Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir.1988) (quoting Fed.R.Civ.P. 56(c)). Only factual disputes that might affect the outcome of a lawsuit under substantive law are "material." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). To be "genuine," a dispute must involve evidence upon which a jury could find for the nonmoving party. Id. The burden is upon the moving party to show "that there is an absence of evidence to support the nonmoving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Thereafter, the nonmoving party must present significant probative evidence in support of the complaint to defeat the motion. Anderson, 477 U.S. at 249-50. The nonmoving party is required to show more than a metaphysical doubt as to the existence of a genuine issue of material fact. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Here, summary judgment for defendants was proper for reasons other than those relied upon by the district court.
 
 
 5
 Essentially, the district court concluded that plaintiff's claim is meritless because probable cause existed to support his arrest. See Pyles v. Raisor, 60 F.3d 1211, 1215 (6th Cir.1995). However, it is not necessary to reach this conclusion because plaintiff simply has no claim for damages cognizable under § 1983. Generally, no § 1983 claim for damages has accrued where adjudication of a claim would call into question the validity of a criminal conviction. Heck v. Humphrey, 114 S.Ct. 2364, 2372 (1994); Schilling v. White, 58 F.3d 1081, 1084 (6th Cir.1995). Here, plaintiff's claim that defendant Bradley arrested him without lawful authority implicates the legality of his DUI conviction. See, e.g., Commonwealth v. Monson, 860 S.W.2d 272, 272-75 (Ky.1993). In fact, plaintiff has alleged in both state and federal courts that his conviction is unlawful due to his allegedly unlawful arrest. To establish a cognizable claim, plaintiff must show that his conviction was expunged, declared invalid by a state tribunal, or called into question in federal habeas corpus. See Heck, 114 S.Ct. at 2372. Plaintiff cannot make this showing. Therefore, judgment for defendants was proper. However, the district court's judgment is affirmed without prejudice to plaintiff's right to refile the claim should his conviction subsequently be deemed invalid.
 
 
 6
 For the foregoing reasons, the district court's judgment is affirmed.