**Edward I. SOLTESZ, Plaintiff,**

v.

**CITY OF SANDUSKY,
et al., Defendants.**

**No. 3:00CV7319.**

United States District Court,
N.D. Ohio,
Western Division.

March 23, 2001.

C. William Bair, Korleen Marie Bialecki, Wagoner & Steinberg, Holland, OH, for Plaintiff.

William P. Lang, Avon Lakr, OH, for Defendants.

## ORDER

CARR, District Judge.

This is a civil rights case in which plaintiff alleges that defendant Ken Gautschi arrested and seized plaintiff in his home without probable cause in violation of 42 U.S.C. § 1983. Plaintiff also alleges that he was deprived of his liberty and property without due process of law in violation of 42 U.S.C. § 1983. Additionally, plaintiff alleges that the defendant City of Sandusky and its chief of police, Robert Runner, were negligent in the training of defendant Ken Gautschi and implemented policies where police officers like Ken Gautschi were trained to place suspects in custody in violation of 42 U.S.C. § 1983. Jurisdiction arises under 28 U.S.C. § 1331. Pending is defendants' motion for summary judgment. (Doc. 10). For the following reasons, defendants' motion shall be granted.

## BACKGROUND

The City of Sandusky is a municipality organized under Ohio law (Doc. 3 at 2). Ken Gautschi was a police officer and Robert Runner was the chief of police of the City of Sandusky at the time of the incident. (*Id.*).

Before March, 1999, Joseph Loken helped plaintiff, Dr. Edward Soltesz, move some office equipment. (Doc. 14 at 2). Mr. Loken asked plaintiff if he could live at plaintiff's house. (*Id.*). Plaintiff permitted Mr. Loken to live at his home on a trial basis. (*Id.*). Plaintiff was not related to Mr. Loken in any manner and he claims that he and Mr. Loken were not friends. (*Id.*). Mr. Loken alleges that the two were friends. (Doc. 10 at 6). Shortly thereafter, plaintiff asked Mr. Loken when he was going to find his own home. (Doc. 14 at 3). Mr. Loken responded that he was "working on it." (*Id.*). On March 2, 1999, plaintiff asked Mr. Loken to move out of his residence. (Id.). Mr. Loken refused to leave. (Id.). Plaintiff then allegedly balled up his fists and told Mr. Loken that he was going to put Mr. Loken in the hospital. (Doc. 10 at 8). There was no physical altercation between plaintiff and Mr. Loken. (Doc 14 at 3). At this point, Mr. Loken decided to call the police. (Doc. 16 at 3).

Shortly after Mr. Loken's call, defendant Gautschi and Officers Ron Susana and Gary Wichman, and Lieutenant Phil Frost arrived at plaintiff's residence. (Doc. 10 at 4). At this time, Officer Gautschi was in the middle of his five-month training program with the City of Sandusky. (Doc. 16 at 3).

Plaintiff invited the policemen to enter his house. (Doc. 14 at 4). Mr. Loken told Officer Wichman (in Officer Gautschi's presence) that plaintiff had balled up his fists as if he wanted to fight him and told him that he was going to put him in the

hospital. (Doc. 10 at 5, 8). Mr. Loken also told Officer Gautschi that he was afraid of plaintiff and that plaintiff might harm him if he stayed in plaintiff's house any longer. (*Id.* at 5). Mr. Loken then completed and signed a domestic violence statement indicating that he wanted to file charges against plaintiff. (*Id.*). The other three officers delegated the decision to arrest plaintiff solely to Officer Gautschi. (*Id.*).

Officer Gautschi decided to arrest plaintiff, handcuffed him, and took him to the police station. (Doc. 16 at 6). Plaintiff was held for forty-five minutes before being released. (*Id.*). Mr. Loken then filed a formal complaint under oath at the police station. (Doc. 10 at 6).

The prosecutor for the City of Sandusky, Lynne Gast King, later requested that the criminal action against plaintiff be dismissed without prejudice, because Mr. Loken could not be located. (*Id.*).

Plaintiff filed suit alleging that: 1) he was arrested and seized in his home without probable cause; 2) he was deprived of his liberty and property without due process of law in violation of 42 U.S.C. § 1983; 3) the City of Sandusky negligently trained defendant Ken Gautschi; and 4) the City of Sandusky implemented policies in which police officers were trained to place suspects in custody in violation of 42 U.S.C. § 1983.

## STANDARD OF REVIEW

■ Summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The moving party bears the initial responsibility of informing the district court of the

basis for its motion, and identifying those portions of the record which demonstrate the absence of a genuine issue of material fact. *Id.* at 323, 106 S.Ct. 2548. The burden then shifts to the nonmoving party who "must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

■ Once the burden of production shifts, the party opposing summary judgment cannot rest on its pleadings or merely reassert its previous allegations. It is insufficient "simply [to] show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Rather, Rule 56(e) "requires the nonmoving party to go beyond the [unverified] pleadings" and present some type of evidentiary material in support of its position. *Celotex,* 477 U.S. at 324, 106 S.Ct. 2548. Summary judgment shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c).

## ANALYSIS

■■ Section 1983 does not create any substantive rights; rather, it is a remedial statute designed to redress the violation of federal and constitutional rights derived from either the Constitution or other federal laws. *Chapman v. Houston Welfare Rights Org.,* 441 U.S. 600, 616–18, 99 S.Ct. 1905, 60 L.Ed.2d 508 (1979); *Day v. Wayne County. Bd. of Auditors,* 749 F.2d 1199, 1202 (6th Cir.1984). To establish a § 1983 claim, plaintiff must demonstrate

that defendants violated one of plaintiff's federal constitutional rights. *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981).

■ The Fourth Amendment to the United States Constitution permits warrantless arrests only if probable cause exists. I find that Officer Gautschi had probable cause to arrest plaintiff, and, thus, defendants' motion for summary judgment shall be granted.

## I. Plaintiff Could Not Lawfully Be Arrested For Domestic Violence

Officer Gautschi arrested plaintiff for domestic · violence pursuant to O.R.C. § 2919.25: "[n]o person, by threat of force, shall knowingly cause a family or household member to believe that the offender will cause imminent physical harm to the family or household member." A "family or household member means ... a person related by consanguinity or affinity to the offender." O.R.C. § 2919.25(E)(1)(a)(ii).

■ Defendants' argue that the word "affinity" as used in O.R.C. § 2919.25(E)(1)(a)(ii) means "companionship" or "acquaintance." Plaintiff was not related to Mr. Loken. Defendants argue that because Mr. Loken was friends with plaintiff, he was a "household member" and, therefore, plaintiff was properly arrested for domestic violence.

"Affinity" has been defined by the Ohio Supreme Court as "the relationship which arises by marriage between one of the parties and the blood relations of the other." *Chinn v. State*, 47 Ohio St. 575, 579, 26 N.E. 986 (1890). Additionally, "affinity" has been defined as "related by marriage." *State v. Peine*, 1982 WL 5837 (Ohio App. 11 Dist.1982). It is evident that plaintiff and Mr. Loken did not have a blood relationship and, furthermore, they were not related by marriage. Therefore, Mr. Loken cannot qualify as a "family or household member" under the statute. Plaintiff, therefore, could not have been arrested for domestic violence pursuant to O.R.C. § 2919.25(C).

## II. Plaintiff Could Lawfully Be Arrested For Menacing

Under the facts alleged, however, plaintiff could have properly been arrested for menacing, pursuant to O.R.C. § 2903.22: "[n]o person shall knowingly cause another to believe that the offender will cause physical harm to the person or property of such other person...." Under Ohio law, menacing is a misdemeanor of the fourth degree.

■ "Probable cause to make an arrest exists if the facts and circumstances within the arresting officer's knowledge 'were sufficient to warrant a prudent man in believing that the [arrestee] had committed or was committing an offense.'" *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir.1995) (quoting *Beck v. Ohio*, 379 U.S. 89, 91, 85 S.Ct. 223, 13 L.Ed.2d 142 (1964)).

■ Based on the facts, probable cause existed to believe that plaintiff menaced Mr. Loken. When the police officers arrived on the scene, Mr. Loken told Officer Wichman that plaintiff balled up his fists like he wanted to fight and told him that he was going to put him in the hospital. Mr. Loken also told Officer Gautschi that he was afraid of plaintiff and that plaintiff might harm him if he stayed in the house any longer. Mr. Loken then signed a statement (albeit a domestic violence statement) indicating what plaintiff did and that he wanted to file charges against the plaintiff.

■ To be sure, defendant Gautschi arrested plaintiff pursuant to the domestic violence statute, as to which there may have been no probable cause. Even

if, however, there was no probable cause to arrest plaintiff for domestic violence, the arrest was lawful if the defendant, under the Fourth Amendment, had any lawful basis for making the arrest. The subjective belief of the arresting officer concerning the lawfulness of his actions is immaterial in determining the existence of probable cause. *United States v. Anderson,* 923 F.2d 450, 457 (6th Cir. 1991). The lawfulness of an officer's actions is assessed on the basis of objective facts. *Id.* "Just as a subjective belief by the arresting officer would not establish probable cause where none existed, a subjective belief by the arresting officer cannot destroy probable cause where it exists." *Id.*

Thus, even if Officer Gautschi's subjective belief that he had probable cause to arrest plaintiff for domestic violence may have been mistaken, objective facts provided probable cause to arrest plaintiff for menacing. The Fourth Amendment's probable cause requirement was not violated.

Menacing is a misdemeanor. Plaintiff did not menace Mr. Loken in the presence of the defendants. Ohio law generally requires that a misdemeanor be committed in the police officer's presence for the police officer to make a warrantless arrest for a misdemeanor offense. *State v. Henderson,* 51 Ohio St.3d 54, 554 N.E.2d 104 (1990). Thus, Officer Gautschi could not arrest plaintiff under Ohio law unless the plaintiff had menaced Mr. Loken in the officer's presence.

Plaintiff's claim, however, is based on 42 U.S.C. § 1983 and the Fourth Amendment, not Ohio law. A state's requirement that a warrantless arrest can be made only for a misdemeanor committed in the officer's presence is not mandated by the Fourth Amendment. *Welsh v. Wisconsin,* 466 U.S. 740, 756, 104 S.Ct. 2091, 80 L.Ed.2d 732 (1984). Thus, the plain-

tiff's warrantless arrest was not a violation of any federal constitutional or statutory right, but was merely a violation of state law. "Unless a deprivation of some federal constitutional or statutory right has occurred, § 1983 provides no redress even if the plaintiff's common law rights have been violated...." *Lewellen v. Metropolitan Gov't of Nashville,* 34 F.3d 345, 347 (6th Cir.1994).

The vitality of plaintiff's § 1983 action depends on whether Officer Gautschi had probable cause under the Fourth Amendment to make an arrest; it does not depend on whether the offense was committed in Officer Gautschi's presence. Officer Gautschi had probable cause to arrest plaintiff for menacing. Because Officer Gautschi had probable cause to arrest plaintiff for menacing, he did not violate any federally protected rights of plaintiff. Because Officer Gautschi did not violate any federally protected rights, plaintiff's claims based on § 1983 and the Fourth and Fifth Amendments have no merit.

### Plaintiff's State Law Claims

Because defendants' summary judgment motion for plaintiff's federal law claims has been granted, plaintiff's state law claims are dismissed without prejudice. *See Taylor v. First of Am. Bank–Wayne,* 973 F.2d 1284 (6th Cir.1992) (district court did not abuse its discretion by refusing to exercise jurisdiction over plaintiff's state law claim).

### Conclusion

For the foregoing reasons, it is

**ORDERED THAT** defendants' motion for summary judgment be, and the same hereby is, granted with respect to Counts I, II, and IV. Count III is dismissed, without prejudice, for want of jurisdiction.

**So ordered.**