Joe TAYLOR, Appellant,

v.

COMMONWEALTH OF KENTUCKY, Appellee.

No. 2001–SC–0870–MR.

Supreme Court of Kentucky.

Oct. 23, 2003.

Rehearing Denied Feb. 19, 2004.

Emily Holt, Department of Public Advocacy, Frankfort, Counsel for Appellant.

A.B. Chandler III, Attorney General of Kentucky, Todd D. Ferguson, Assistant Attorney General, Criminal Appellate Division, Office of the Attorney General, Frankfort, Counsel for Appellee.

WINTERSHEIMER, Justice.

This appeal is from a judgment, which convicted Taylor of manufacturing methamphetamine, driving on a DUI-suspended license and fleeing and evading police in the first degree. He was sentenced to a total of thirty years in prison.

The questions presented are whether the trial judge erred in directing a verdict of guilt on two of the charges; whether the trial judge properly denied the motion to suppress; whether KRS 218A.1432(1)(b) is constitutional; whether Taylor was entitled to a directed verdict on the manufacturing methamphetamine charge, and whether evidence of a co-defendant's guilty plea was prejudicial.

At trial, a police officer testified that he saw Taylor disregard a stop sign. He followed Taylor into an apartment complex where Taylor dropped off one of his two passengers. In the meantime, the police officer was relaying information about the car into dispatch. As Taylor pulled out onto the street again, the police officer got behind him and turned on his lights to make a traffic stop. Taylor stopped momentarily, but when the officer began to exit his car, Taylor sped off. After a high-speed chase, at times in the wrong lane of traffic, Taylor came to a screeching stop at a dead end street and fled on foot. The police officer stayed with the car and took the passenger, Jimmerson, into custody. Taylor was captured a few minutes later by other police officers.

A search of the car revealed 1,248 Sudafed tablets, 2 cans of starting fluid, 15 lithium batteries, plastic tubing, 2 rolls of paper towels, drain cleaner and a partially smoked marijuana cigarette. The piece of plastic tubing later tested positive for methamphetamine.

Taylor testified in his own defense and admitted that he was guilty of the offense of driving on a suspended license and eluding police. He otherwise denied the methamphetamine charge. Upon close of the evidence, the trial judge directed a verdict for the Commonwealth on the two charges Taylor admitted committing. The trial judge informed the jury of that directed verdict and instructed the jury on the remaining drug charge. It should be noted that the indictment did not charge Taylor with the offense of first-degree possession of a controlled substance, KRS 218A.1415, and the trial judge did not instruct the jury on the alternative theory of actually manufacturing methamphetamine under KRS 218A.1432(1)(a).

The jury convicted Taylor of manufacturing methamphetamine. Based on the jury's verdict during the penalty phase, Taylor was sentenced to twenty years on the drug charge and five years each on the two other charges, the sentences to run consecutively for a total of thirty years in prison. This appeal followed.

### I. Directed Verdict

Taylor argues that the trial judge erred when he *sua sponte* directed a verdict of guilty for the Commonwealth on the charges of driving on a DUI-suspended

license and fleeing police. We firmly agree.

During cross-examination, Taylor admitted that he eluded police and was driving on a suspended license. Following the close of evidence, the trial judge *sua sponte* directed a verdict for the Commonwealth on the charges of driving on a DUI-suspended license and eluding police. The trial judge reasoned that the defendant admitted the charges and that there was nothing for the jury to consider.

■ It is never proper for a trial court to direct a verdict of guilty where there is a plea of not guilty, despite the fact that the evidence of his guilt may be convincing and wholly uncontradicted. *Commonwealth v. Durham*, Ky., 57 S.W.3d 829 (2001). *See also Sullivan v. Louisiana*, 508 U.S. 275, 113 S.Ct. 2078, 124 L.Ed.2d 182 (1993). No principle is more fundamental and the case law on this point is not distinguishable by the fact that the defendant testified in his own defense and admitted his guilt. Consequently, we reverse the conviction for driving on a DUI-suspended license and fleeing police. We reject the claim by Taylor, however, that the act of directing a verdict on one or more of the charges taints those charges that are submitted to the jury.

## II. Motion to Suppress

■ Taylor contends that the trial judge's ruling on his (Taylor's) motion to suppress evidence as it was the fruit of an illegal stop was clearly erroneous because the trial judge based his ruling on facts not in evidence. We disagree.

Similar to his testimony at trial, the police officer testified at the suppression hearing that he observed Taylor disregard a stop sign. He followed Taylor into an apartment complex where Taylor dropped off one of his two passengers. In the meantime, the police officer was relaying information about the car into dispatch. As Taylor pulled out onto the street again, the police officer got behind him and turned on his lights to make a traffic stop. Taylor stopped momentarily, but when the officer began to exit his car, Taylor sped off. After a high-speed chase, at times in the wrong lane of traffic, Taylor came to a screeching stop at a dead end street and fled on foot. The police officer stayed with the car and took the passenger, Jimmerson, into custody. Taylor was captured a few minutes later by other police officers.

Taylor and the two passengers in his car all testified that he (Taylor) did not fail to stop at the stop sign. The trial judge overruled the motion to suppress and when defense counsel asked for the grounds of that denial, the trial judge stated the following:

I heard the officer's testimony that he didn't, he didn't attempt to arrest him, he didn't turn his lights on, he didn't turn his siren on, he didn't get out of the car, he didn't attempt to apprehend him. When he got behind the driver the second time is when he turned his lights on. The officer based on his check that he wasn't a licensed driver it was certainly in his rights to do that. Once that happened your client according to his testimony took off and eluded him to some degree. Court finds that's grounds for the officer to proceed and stop your client. Motion to suppress is denied.

■ A seizure occurs when an officer, by means of physical force or show of authority, has in some way restrained the liberty of a citizen. *California v. Hodari D.*, 499 U.S. 621, 111 S.Ct. 1547, 113 L.Ed.2d 690 (1991). A seizure does not occur, however, if in response to a show of authority, the subject does not yield. In that event, the seizure occurs only when

220

the police physically subdue the subject. *Hodari D, supra.*

█ Here, it is undisputed that when the officer turned on his lights, Taylor failed to yield to his authority. Instead, he led police on a high-speed chase, which included driving in the wrong lane of traffic. Taylor's seizure only occurred when the police physically apprehended him following the chase. Thus, the police officer's justification for initially attempting to stop Taylor is immaterial and the trial judge's erroneous finding, i.e., that Taylor was not a licensed driver, is of no importance. We otherwise determine that the trial judge's findings are supported by substantial evidence and are conclusive. RCr 9.78. The trial judge properly overruled the motion to suppress.

### III. Constitutionality of KRS 218A.1432(1)(b)

Taylor claims that the statute which proscribes manufacturing methamphetamine is void for vagueness because it does not alert the average citizen that his activity is illegal and it fails to provide guidelines to prevent arbitrary and discriminatory law enforcement. He also asserts that it violates the prohibition against cruel and unusual punishment. We disagree with both contentions.

█ KRS 218A.1432(1)(b) is not unconstitutionally vague. *Kotila v. Commonwealth,* Ky., 114 S.W.3d 226 (2003). Nor does it violate the prohibition against cruel and unusual punishment. The length of sentence is a matter of legislative prerogative. *See Hampton v. Commonwealth,* Ky., 666 S.W.2d 737 (1984). The trial judge correctly held that KRS 218A.1432(1)(b) is constitutional.

### IV. Sufficiency of the Evidence

Taylor argues that the trial judge erred in failing to grant his motions for a directed verdict on the manufacturing methamphetamine charge when the Commonwealth failed to prove that he possessed the items for the manufacture of methamphetamine and had the requisite intent under the statute. We agree that Taylor was entitled to a directed verdict.

█ A police officer testified that the evidence found during the search of the car driven by Taylor consisted of 1,248 Sudafed tablets, 2 cans of starting fluid, 15 lithium batteries, plastic tubing, 2 rolls of paper towels, drain cleaner and a partially smoked marijuana cigarette. The piece of plastic tubing later tested positive for methamphetamine. He conceded, however, that Taylor was missing the essential ingredient of anhydrous ammonia. In *Kotila, supra,* a majority of this Court held that KRS 218A.1432(1)(b) permitted a conviction only when the defendant possessed all, rather than any, of the chemicals or equipment necessary to manufacture methamphetamine. Here, because Taylor did not possess all of the chemicals or equipment, he was entitled to a directed verdict on this charge. It is unnecessary for us to reach the issue of intent. We reverse Taylor's conviction on this charge.

### V. Improper Testimony

Finally, Taylor argues that he was substantially prejudiced when the prosecutor told the jury that his co-defendant pled guilty to helping him manufacture methamphetamine. He contends that although the trial judge sustained the objection as to form, he overruled the objection as to the substance of the question. We agree that the evidence was improperly introduced, but because we have already reversed the judgment of conviction, we find it unnecessary to further address this issue.

Therefore, the judgment of conviction and sentence imposed for manufacturing methamphetamine is vacated; and the judgments of conviction and sentence imposed for driving on a DUI-suspended license and fleeing and evading police in the first degree are reversed and this matter is remanded to the Graves Circuit Court for further proceedings consistent with this opinion.

All concur.