RENDERED:  AUGUST 1, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-0724-MR

NDAYISHIMYE TITO        APPELLANT

                APPEAL FROM FAYETTE CIRCUIT COURT
v.                 HONORABLE DIANE MINNIFIELD, JUDGE
                ACTION NO. 21-CR-00739

COMMONWEALTH OF KENTUCKY        APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  EASTON, L. JONES, AND McNEILL, JUDGES.

McNEILL, JUDGE:  Ndayishimye Tito ("Tito") appeals from his conditional guilty plea to possession of synthetic drugs and second-degree fleeing or evading police following the Fayette Circuit Court's denial of his motion to suppress. Finding no error, we affirm.

**BACKGROUND**

On the morning of May 21, 2021, Officer Antonio Muniz of the Lexington Police Department spotted Tito sitting in the grassy area beside the off-

ramp from New Circle Road to Nicholasville Road in Lexington, Kentucky. Officer Muniz stopped to advise Tito that he was not allowed to be there. As he exited his vehicle, Tito began walking away. Officer Muniz told Tito to "stop" and "come here," and Tito began to run. After a brief chase, Tito was apprehended and arrested for trespassing.

A search incident to arrest revealed synthetic drugs. Tito was ultimately indicted for possession of synthetic drugs, second-degree fleeing or evading police, and third-degree trespassing. Tito moved to suppress the evidence of synthetic drugs, arguing that the search and seizure were unlawful.

At the suppression hearing, Officer Muniz testified that the grassy area where Tito was sitting is state property and people do not have a right to hang out there. There was also a local safety ordinance that prohibited people from being on Nicholasville Road, New Circle Road, or the off-ramps. Officer Muniz had previously encountered Tito at the off-ramp of New Circle Road and Tates Creek Road and informed him that he could not be on the ramps or main roads, or he could go to jail for trespassing. Following the hearing, the circuit court denied the motion to suppress, and Tito entered a conditional guilty plea. This appeal followed.

## STANDARD OF REVIEW

"The standard of review for a trial court's ruling on a suppression motion is two-fold." *Williams v. Commonwealth*, 364 S.W.3d 65, 68 (Ky. 2011). "We review the trial court's factual findings for clear error, and deem conclusive the trial court's factual findings if supported by substantial evidence." *Id.* (citation omitted). "[D]ue regard is given to the opportunity of the circuit court to judge the credibility of the testifying officer and to assess the reasonableness of the officer's inferences." *Commonwealth v. Perry*, 630 S.W.3d 671, 674 (Ky. 2021) (citation omitted). "[T]he circuit court's application of the law to conclusive facts is reviewed de novo." *Id.* (citation omitted).

## ANALYSIS

Tito claims the police lacked reasonable suspicion to detain him, and the evidence obtained following his warrantless seizure should be suppressed. Specifically, he argues that the violation of a city ordinance does not give police reasonable suspicion to detain an individual, citing *Commonwealth v. Wilson*, 625 S.W.3d 252, 254 (Ky. App. 2021).

"Generally, the Fourth Amendment requires at least a 'reasonable suspicion' that an individual has committed a crime before the individual may be seized." *Bletz v. Gribble*, 641 F.3d 743, 755 (6th Cir. 2011). "A reasonable suspicion is more than an unparticularized suspicion or 'hunch.'"

*Bauder v. Commonwealth*, 299 S.W.3d 588, 591 (Ky. 2009) (internal quotation marks and citation omitted). However, it "is a less demanding standard than probable cause and requires a showing considerably less than preponderance of the evidence." *Illinois v. Wardlow*, 528 U.S. 119, 123, 120 S. Ct. 673, 675–76, 145 L. Ed. 2d 570 (2000). "To determine whether an officer had such reasonable suspicion, this Court must look at the totality of the circumstances surrounding the detention." *Henson v. Commonwealth*, 245 S.W.3d 745, 748 (Ky. 2008) (citation omitted).

Here, Tito was seized when Officer Muniz restrained him and placed him in handcuffs.[1] At this point, Officer Muniz had reasonable suspicion that criminal activity was occurring. Tito had just fled from the police. "[T]he unprovoked evasive maneuvers of a suspect can provide the requisite reasonable, articulable suspicion to justify a brief *Terry*[2] stop investigation." *Commonwealth v. Fields*, 194 S.W.3d 255, 257 (Ky. 2006) (citing *Wardlow*, 528 U.S. at 124–25, 120 S. Ct. at 676). But more than that, Officer Muniz had witnessed Tito

---

[1] Before this moment, there was no Fourth Amendment seizure. When Officer Muniz exited his vehicle, Tito began walking away. Officer Muniz instructed Tito to "stop" and "come here," and Tito ran. "A seizure does not occur . . . if in response to a show of authority, the subject does not yield. In that event, the seizure occurs only when the police physically subdue the subject." *Taylor v. Commonwealth*, 125 S.W.3d 216, 219–20 (Ky. 2003).

[2] *Terry v. Ohio*, 392 U.S. 1, 88 S. Ct. 1868, 20 L. Ed. 2d 889.

trespassing, warranting his arrest. *See* KRS[3] 431.005(e) (authorizing a peace officer to make a warrantless arrest when a violation of KRS 511.080, third-degree criminal trespass, is committed in his presence).

While Tito argues that the violation of a local ordinance is insufficient to justify the stop, citing *Commonwealth v. Wilson*, 625 S.W.3d at 254, this was not the only legal ground supporting the trespass violation. The trial court found that the grassy area where Tito was sitting "was a part of the limited access facility per KRS 177.220 to 177.310, and thus defendant was prohibited to be in that area absent a valid reason[.]"[4] Tito has not challenged this conclusion on appeal.

In sum, Officer Muniz had reasonable suspicion to detain (and probable cause to arrest) Tito for trespassing. "The search of his person that followed his capture was incident to that arrest, and was, therefore, unquestionably proper. The contraband was found as a result of a lawful search incident to arrest." *Nunn v. Commonwealth of Kentucky*, 461 S.W.3d 741, 746–47 (Ky. 2015). We find no error.

---

[3] Kentucky Revised Statutes.

[4] KRS 177.230 authorizes state and local authorities to designate limited access facilities and regulate access. KRS 177.220 defines a "limited access facility" as "a highway or street especially designed for through traffic . . . to which . . . persons have no right or easement or only a limited right or easement of access[.]" KRS 177.240 further provides that "No person shall have any right of ingress or egress to, from, or across limited access facilities . . . except at such designated points at which access may be permitted, upon such terms and conditions as may be specified from time to time."

**CONCLUSION**

The Fayette Circuit Court's judgment is affirmed.


ALL CONCUR.


BRIEFS FOR APPELLANT:

Adam Meyer
Assistant Public Advocate
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Russell Coleman
Attorney General of Kentucky

Joseph A. Beckett
Assistant Attorney General
Frankfort, Kentucky