**William Casterdill MASH, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

**No. 88-SC-76-MR.**

Supreme Court of Kentucky.

May 4, 1989.

Larry H. Marshall, Asst. Public Advocate, Dept. of Public Advocacy, Frankfort, for appellant.

Frederic J. Cowan, Atty. Gen., Rickie L. Pearson, Asst. Atty. Gen., Frankfort, for appellee.

COMBS, Justice.

Appellant was tried and convicted by a McCracken Circuit Court jury for the offense of trafficking in LSD, and given a ten-year sentence. Thereafter, he was tried and found guilty as a second-degree persistent felony offender, and his sentence was enhanced to a term of twenty years.

Though various issues were raised in this appeal, we confine our discussion to the dispositive one, that is, the validity of appellant's initial arrest, and his subsequent searches and seizure.

Paducah Police Officer Clovis Lovelace was patrolling the north side of the city on the night of May 13, 1986. According to his testimony, Officer Lovelace had previously witnessed people gambling in the same vicinity on several occasions. On this particular night, as he turned the corner he saw two men hunched over on the street. The appellant remained on the sidewalk putting money in his pocket while the other man immediately left the scene, crossed the street and entered a nearby house. Believing the men had engaged in gambling, Officer Lovelace arrested appellant and later apprehended the other man. He searched both "down to their feet." No gambling paraphernalia or illegal drugs were recovered from either of the two men. Officer Lovelace then placed the men in his patrol car. Surprisingly, he took appellant to jail and charged him with disorderly conduct by gambling, but took the other man home and released him.

There are two versions as to what happened when appellant and the arresting officer arrived at the jail. The first version came to light at a suppression hearing. When asked as to whether or not he had seen twenty-two pills removed by the jailer from appellant he stated he did not see them nor did he know where the pills "came from".

The jailer testified that he searched appellant and found a small circular can concealed in one of appellant's socks and that the can contained twenty-two small pills which turned out to be LSD.[1]

The jailer testified that Officer Lovelace was present at this time and saw him remove the container with the pills. Officer Lovelace tended to corroborate the jailer's testimony on most of these points at the trial. Though Officer Lovelace was supposedly still present, the jailer testified that he called the police department and requested another officer be sent over to pick up the container and the pills. One or two other officers supposedly handled the container before they were finally turned over to a drug enforcement officer. Both of these officers felt that the suspect pills contained LSD and placed them in the police department's drug locker for later analysis. Appellant was released on bond the next day. No other charges were filed against him because the pills had not been analyzed.

Thereafter the gambling charge was tried before the court and dismissed for lack of evidence. A little over a year after the initial arrest and on April 2, 1987, the police department received the result of the analysis which confirmed their suspicions that the pills contained LSD. When asked about the delay, the officer testified that he had forgotten where he had placed the exhibit.

Sometime before the original twenty pills became twenty-two, and before the lab results had been known the appellant had obviously instituted some sort of civil action against one of the officers including the jailer. Thereafter the case was presented to the grand jury which resulted in the indictment charging him with trafficking in LSD.

■ At the suppression hearing and at trial appellant's counsel unsuccessfully argued that Lovelace's warrantless arrest of appellant was illegal because no misdemeanor was being committed in the officer's presence. The Commonwealth, relying upon the case of *Cooper v. Commonwealth*, Ky.App., 577 S.W.2d 34 (1979), successfully argued that the arrest and subsequent searches and seizure were valid because Officer Lovelace had probable cause for believing that appellant had committed a misdemeanor. The conviction in *Cooper* was affirmed. The Court of Appeals held:

> Therefore, when Trooper Arnold approached the car and smelled marijuana smoke, he had probable cause to believe that a misdemeanor was being committed in his presence by Cooper, and the arrest without a warrant was proper. KRS 431.005.

*Id.* 577 S.W.2d 34 at 36.

There is a marked difference between *Cooper* and the instant case. Here, the only thing Officer Lovelace had seen was the appellant and another man stooped over on the sidewalk and later saw appellant putting money in his pocket. Such activity is as consistent with innocence as with guilt and certainly does not serve as a basis for holding that appellant was committing the offense of gambling in the presence of Officer Lovelace.

KRS 431.005(1)(d) provides, in part, that "a peace officer may make an arrest without a warrant when a misdemeanor ... has been committed in his presence." At argument it was virtually admitted by the Assistant Attorney General that there was insufficient evidence to authorize Officer Lovelace to arrest appellant for a misdemeanor. But he argued that under *Cooper* the arrest was valid as was the subsequent search and seizure. It is unfortunate for all concerned that the holding in *Cooper*

---

1. Interestingly, the request for examination made of the Kentucky State Police stated that there were twenty pills, as did the search and seizure inventory list. Yet at trial the prosecution and witnesses consistently testified that there were twenty-two pills.

confounded the law as stated in KRS 431.005. If an officer has probable cause to believe that a person being arrested has committed a felony, a warrant is unnecessary. KRS 431.005(1)(c). The *Cooper* court attempted to graft the more relaxed probable cause standard into KRS 431.005(1)(d) where it does not belong.

Had the General Assembly intended to authorize an arrest for a misdemeanor based upon probable cause they would have said so. That they were aware of the difference between the two is clearly evidenced by the different wording of the two statutes. It should always be remembered that Section 29 of our constitution gives all legislative power to our General Assembly. It should also be remembered that Section 28 of our constitution prohibits all persons or collection of persons of one of the three departments from exercising any legislative power properly belonging to the other one. In discussing the role of the judiciary in this context, the late Justice Benjamin N. Cardozo said:

> Before we can determine the proportions of a blend, we must know the ingredients to be blended. Our first inquiry should therefore be: Where does the judge find the law which he embodies in his judgment? There are times when the source is obvious. The rule that fits the case may be supplied by the constitution or by statute. If that is so, the judge looks no farther. The correspondence ascertained, his duty is to obey. The constitution overrides a statute, but a statute, if consistent with the constitution, overrides the law of judges. In this sense, judgemade law is secondary and subordinate to the law that is made by legislators.

B. Cardozo, *The Nature of the Judicial Process,* 1921.

■ *Cooper v. Commonwealth, supra,* is hereby overruled insofar as it holds that probable cause is a sufficient basis to make a warrantless arrest for a misdemeanor.

The initial arrest being illegal, the subsequent search and seizure were also illegal and violative of the rights possessed by appellant under Ky. Const. Section 10. The evidence derived from the search should have been suppressed. Further, the judgment of the McCracken Circuit Court in the case *sub judice* is hereby reversed.

STEPHENS, C.J., and GANT and LEIBSON, JJ., concur.

VANCE, J., dissents by separate opinion in which LAMBERT and WINTERSHEIMER, JJ., join.

VANCE, Justice dissenting.

This case turns on the question of whether the arrest of appellant without a warrant was valid. An officer may arrest without a warrant for a misdemeanor committed in his presence. K.R.S. 431.005(1)(d).

The majority holds that the arrest was invalid because the officer, without actually seeing a misdemeanor committed in his presence, proceeded upon the theory that there was reasonable grounds to believe that a misdemeanor had been committed.

Under the facts of this case, it is my belief that the officer not only had reasonable grounds to believe a misdemeanor was committed in his presence, but I also believe the facts clearly demonstrate that a misdemeanor was, in fact, committed in his presence. The arrest, therefore, was valid and the search of the appellant was valid.

In addition, I do not believe that *Cooper v. Commonwealth,* Ky.App., 577 S.W.2d 34 (1979), should be overruled. In *Cooper* the officer had actually observed the defendant in possession of marijuana cigarettes before he made the arrest and conducted the search of the defendant. There was no doubt that the defendant had committed the misdemeanor of possession of marijuana in the presence of the officer before the arrest. The arrest was valid and the search of the defendant was valid.

*Cooper* also touched upon the validity of the search of the defendant's automobile, but in this case it is the search of the appellant himself and not his automobile which is in question. The only search here was of the appellant's person, and the

search, if the arrest is valid as I believe, was proper.

LAMBERT and WINTERSHEIMER, JJ., join in this dissent.