Ronald A. NICKENS, Plaintiff–
Appellant,

v.

R. ANDERSON, et al., Defendants–
Appellees.

No. 02–1221.

United States Court of Appeals,
Sixth Circuit.

Feb. 13, 2003.

Before SILER and ROGERS, Circuit

Judges; and GWIN, District Judge.*

### ORDER

Ronald A. Nickens, a pro se Michigan prisoner, appeals a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary and declaratory relief, Nickens sued multiple prison officials contending that his Eighth Amendment rights were violated when he did not receive prompt medical attention after a tip of a lead pencil became lodged in his hand. Nickens also raises a state tort claim of negligence. The district court dismissed the complaint for failure to state a claim. In his timely appeal, Nickens continues to argue the merits of his complaint.

The district court's judgment is reviewed de novo. See McGore v. Wrigglesworth, 114 F.3d 601, 604 (6th Cir.1997).

Nickens claimed that the defendants' failure to provide him with immediate medical treatment for his hand injury violated his Eighth Amendment right against cruel and unusual punishment. In order to constitute a claim under the Eighth Amendment, the offending conduct must reflect an unnecessary and wanton infliction of pain. See Ingraham v. Wright, 430 U.S. 651, 670, 97 S.Ct. 1401, 51 L.Ed.2d 711 (1977). Such a claim has both an objective and subjective component. See Wilson v. Seiter, 501 U.S. 294, 297–303, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991). The objective component of an Eighth Amendment claim requires that the pain

be serious. Id. at 298. The Supreme Court addressed the objective component in Rhodes v. Chapman, 452 U.S. 337, 346–49, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981). The subjective component, in contrast, constitutes the deliberate indifference standard of Estelle v. Gamble, 429 U.S. 97, 103–04, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). See Wilson, 501 U.S. at 302. The subjective component provides that the offending conduct be wanton.

Nickens's injury does not establish an Eighth Amendment violation. As the district court noted, Nickens suffered a very minor injury for which many people outside prison would not even think of seeking professional medical treatment. The defendants' actions cannot be deemed as wanton. At most, the defendants' actions could be construed as negligent, which fails to state an Eighth Amendment violation. Estelle, 429 U.S. at 106.

Furthermore, an inmate who complains that delay in medical treatment rose to a constitutional violation must place verifying medical evidence in the record to establish the detrimental effect of the delay. Napier v. Madison County, Ky., 238 F.3d 739, 742 (6th Cir.2001). The three day delay in treatment was not excessive considering the nature of the injury. Nickens does not allege that he suffered any long term effect from the injury or the delay in treatment. Therefore, Nickens fails to state a claim under the Eighth Amendment.

As for Nickens's negligence claim, § 1983 does not provide redress for a violation of state law. Pyles v. Raisor, 60 F.3d 1211, 1215 (6th Cir.1995). Finally, the district court did not err in declining jurisdiction over Nickens's state tort claim. District courts should decline to exercise supplemental jurisdiction over state tort

---

* The Honorable James S. Gwin, United States District Judge for the Northern District of Ohio, sitting by designation.

claims where no federal cause of action has been stated. *See Landefeld v. Marion Gen. Hosp., Inc.,* 994 F.2d 1178, 1182 (6th Cir.1993).

Accordingly, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.