**COMMONWEALTH OF KENTUCKY, Appellant,**

v.

**Ronnie MOBLEY, Appellee.**

**No. 2003–SC–000807–DG.**

Supreme Court of Kentucky.

April 21, 2005.

As Modified April 28, 2005.

784

Gregory D. Stumbo, Attorney General of Kentucky, Carlton S. Shier, Assistant Attorney General, Criminal Appellate Division, Office of the Attorney General, Frankfort, Counsel for Appellant.

V. Gene Lewter, Lexington, Counsel for Appellee.

LAMBERT, Chief Justice.

KRS 431.005 authorizes a police office to arrest a person, *inter alia,* "without a warrant when a misdemeanor, as defined in KRS 431.060, has been committed in his presence." In the course of a routine weapons search of three men sitting in a parked truck, a police officer saw a crack pipe in plain view in the passenger side floor near where Appellee, Ronnie Mobley, was sitting. The officer arrested the driver and the two passengers of the truck. A later search of the truck and its occupants revealed crack cocaine and more drug paraphernalia. The question we must answer is whether discovery by a police officer of a crack pipe in plain view constitutes the commission of a misdemeanor in the police officer's presence authorizing the arrest of a passenger in close proximity to the drug paraphernalia. The Supreme Court of the United States has recently spoken to this issue in *Maryland v. Pringle* and held that the Fourth Amendment of the United States Constitution is not violated by an arrest in such circumstances.[1] As this Court has held Section 10 of the Kentucky Constitution to be consonant with the Fourth Amendment,[2] *Maryland v. Pringle* is proper authority for our conclusion.

On July 22, 2001, while conducting a routine patrol late in the evening, Lexington Police Officer Mike Abbondanza observed a truck parked in the lot of the Martin Luther King, Jr. Park with its

1. 540 U.S. 366, 372, 124 S.Ct. 795, 800–01, 157 L.Ed.2d 769 (2003).

2. *See LaFollette v. Commonwealth,* 915 S.W.2d 747, 748 (Ky.1996).

lights off. The officer stopped to investigate. He discovered three men, including Appellee Ronnie Mobley, sitting in the vehicle. Since the park was closed, the officer approached the truck and asked the three men what they were doing parked there. Driver Floyd Robinson told the officer that the three men were at the park to discard the brush stowed in the bed of the truck gathered earlier that evening, and that they were looking for a place to dump it. The officer thought that this story did not seem to be true because the brush appeared to be more than one day old. Officer Abbondanza asked to see Robinson's identification, and Robinson stated that he was taking someone home. Officer Abbondanza then verified that no one lived near that area. Robinson finally responded that his truck had overheated. After contacting another officer for support, Officer Abbondanza examined the truck and determined that it was neither hot nor leaking fluid.

After receiving what Officer Abbondanza believed to be three factually inconsistent answers from the driver, the officer asked if he could search the vehicle. The driver originally granted permission, but quickly withdrew that permission. Officer Abbondanza ordered the men out of the truck to conduct a weapons search. While the three men exited the truck, Officer Abbondanza saw a three-inch glass crack pipe on the floor board of the truck near the passenger side. He offered to allow any of the three men to claim ownership of the pipe, but no one came forward. Officer Abbondanza arrested the driver and the two passengers for possession of drug paraphernalia. A search of the truck yielded three push rods (devices used to insert crack cocaine into the pipe), and a rock of crack cocaine weighing .2 grams.

No one claimed ownership of the crack cocaine. During an inventory and weapons search conducted at the police station, .36 grams of crack cocaine was discovered on Appellee Mobley.

Mobley was indicted for possession of a controlled substance in the first degree (KRS 218A.1415), promoting contraband in the first degree (KRS 520.050), and possession of drug paraphernalia (KRS 218A.500). During a pretrial suppression hearing on May 16, 2002, Officer Abbondanza recounted the events of July 22, 2001 as detailed above. At this hearing, Mobley claimed that there was insufficient probable cause to arrest him, but he admitted that there was probable cause to arrest the driver since there was no proof as to who actually owned the crack pipe. The trial court overruled the motion to suppress and ruled that since the pipe was found in plain view there was probable cause to arrest all three occupants of the truck.

On May 24, 2002, Mobley entered a conditional guilty plea[3] to possession of a controlled substance in the first degree and promoting contraband in the first degree, both relating to the discovery of cocaine on his person. He was sentenced to a term of one year on concurrent counts.

Mobley appealed to the Court of Appeals claiming that his initial arrest was not in compliance with KRS 431.005(1) because he did not commit a misdemeanor in the presence of a police officer. The Court of Appeals agreed holding that there was not sufficient evidence to establish Mobley's constructive possession of the crack pipe. It also held that no misdemeanor had been committed in the presence of the officer rendering the arrest and the evi-

---

**3.** The Commonwealth agreed not to pursue bail jumping charges for a failure to appear in court and agreed to dismiss the paraphernalia count. As part of his conditional plea, he reserved the right to appeal the trial court's suppression hearing ruling.

dence obtained as a result of the arrest invalid. Relying on *Mash v. Commonwealth*,[4] the Court reasoned that there was no probable cause to arrest unless the arresting officer actually witnessed Mobley holding the drug paraphernalia. The Court of Appeals held that only the driver can be deemed to be in constructive possession of contraband concealed in an automobile and there was no indication that the pipe belonged to Mobley. In conclusion, the Court held that there was no direct or circumstantial evidence to prove constructive possession of paraphernalia. "Since Mobley's physical proximity to the crack pipe was his only connection to the pipe in the present case, there was not sufficient evidence that Mobley committed the misdemeanor offense of possession of drug paraphernalia in the presence of the police." Upon the Commonwealth's motion, we granted discretionary review to determine whether the Court of Appeals properly reversed the trial court's denial of Mobley's motion to suppress.

There is no doubt that a police officer may make a warrantless arrest "when a misdemeanor, as defined in KRS 431.060, has been committed in his presence."[5] Possession of drug paraphernalia such as a crack pipe is a Class A misdemeanor for the first offense.[6] Thus, the question is whether Mobley possessed the crack pipe, solely or jointly with the other occupants of the car, in the presence of the officer. If a police officer may reasonably infer from the circumstances that the occupants of an automobile have knowledge of, or exercise dominion and control over contraband, an arrest for a misdemeanor offense committed in his presence is proper.[7]

In *Maryland v. Pringle*, the United States Supreme Court unanimously reversed the highest court of Maryland holding that the Fourth Amendment was not violated by an arrest of a passenger in an automobile where the officer could reasonably infer from the circumstances that the occupants had knowledge of, and exercised dominion and control over the contraband.[8] After a routine passenger stop for a speeding violation, $763 fell from the glove compartment of the automobile as the driver attempted to get his license. The officer obtained permission to search the automobile, and confiscated the cash from the glove compartment and five glassine baggies of cocaine from between the back-seat armrest and the back seat. All occupants of the vehicle denied ownership of the cocaine and the money, and all three were arrested, including Pringle who was seated in the front passenger seat of the car. Pringle subsequently confessed that the cocaine was his and that he intended to distribute it at a party. Pringle contested his arrest on the grounds that the officer did not have probable cause to arrest him because he was simply a passenger in the car, and on those grounds he sought to suppress his subsequent confession.

> To determine whether an officer had probable cause to arrest an individual, we examine the events leading up to the arrest, and then decide "whether these historical facts, viewed from the standpoint of an objectively reasonable police officer, amount to" probable cause.[9]

4. 769 S.W.2d 42 (Ky.1989).

5. KRS 431.005(1)(d).

6. KRS 218A.500(2), (3), and (5).

7. *Maryland v. Pringle*, 540 U.S. at 372, 124 S.Ct. at 800–01, 157 L.Ed.2d 769; *Burnett v. Commonwealth*, 31 S.W.3d 878 (Ky.2000).

8. 540 U.S. at 371, 124 S.Ct. at 800, 157 L.Ed.2d 769.

9. *Id.* (citations omitted).

The Court concluded that a reasonable officer could reasonably believe that there was sufficient probable cause to believe that Pringle committed either solely or jointly the crime of possession of cocaine.[10] There was sufficient evidence to believe that Pringle was engaged in a common enterprise with the driver, and had the same interest in concealing the fruits or the evidence of their wrongdoing.[11]

■ *Pringle* differs slightly from *Burnett v. Commonwealth* in which this Court held that a passenger could only be in constructive possession of objects under his immediate control.[12] But *Burnett* did not limit constructive possession to the driver of the automobile. Proof that another passenger was in control rather than the driver would permit a finding that the passenger-defendant was in constructive possession of the contraband.[13]

■ Although the present case deals with a misdemeanor rather than a felony, *Pringle* is analogous and persuasive. The appropriate analysis to determine a lawful misdemeanor arrest is whether a reasonable officer could conclude from all facts that a misdemeanor is being committed in his presence.

In this case, it was reasonable for Officer Abbondanza to believe that Mobley was in constructive possession of drug paraphernalia, and was therefore committing a Class A misdemeanor in the officer's presence. Supporting this determination is the fact that the three men were sitting on a bench style seat with a crack pipe on the floor board of the passenger side. The truck was small enough that the crack pipe was accessible to all three occupants of the car, including Mobley. Moreover, Officer Abbondanza actually saw the crack pipe in plain view near Mobley's feet, an area within his immediate control. As in *Pringle*, Officer Abbondanza made a reasonable inference that the three occupants of the truck were in a common enterprise and had knowledge of the crack pipe on the floorboard of the truck. Therefore, the misdemeanor was committed in the presence of Officer Abbondanza and the arrest was proper.

We are not unmindful of our decision in *Mash v. Commonwealth* where we noted the distinction between a warrantless arrest for a felony and a misdemeanor.[14] We overrule *Mash* to the extent that it is inconsistent with our holding today.

Accordingly, we reverse the decision of the Court of Appeals and reinstate the judgment of the trial court.

COOPER, GRAVES, JOHNSTONE, KELLER, SCOTT, and WINTERSHEIMER, JJ., concur.

---

10. *Id.* at 372 and 124 S.Ct. at 801.

11. *Maryland v. Pringle,* 540 U.S. at 372, 124 S.Ct. at 801, *citing Wyoming v. Houghton* 526 U.S. 295, 304–05, 119 S.Ct. 1297, 143 L.Ed.2d 408 (1999).

12. 31 S.W.3d at 880–81 (reversing on the grounds that defendant was denied unanimous verdict).

13. *Id.*

14. 769 S.W.2d 42.