**COMMONWEALTH of Kentucky, Appellant,**

v.

**Derwin Wayne FIELDS, Appellee.**

**No. 2004–SC–0417–DG.**

Supreme Court of Kentucky.

June 15, 2006.

Gregory D. Stumbo, Attorney General, Todd D. Ferguson, Assistant Attorney General, Criminal Appellate Division, Frankfort, Counsel for Appellant.

V. Gene Lewter, Fayette County Legal Aid Inc., Lexington, Counsel for Appellee.

WINTERSHEIMER, Justice.

This appeal is from an opinion of the Court of Appeals which reversed a decision of the circuit judge and ordered the suppression of certain evidence discovered following a search incident to a lawful arrest.

The sole issue presented by the Commonwealth relates to the standard for an arrest for trespassing and whether the officer had probable cause to believe the offense was committed in his presence.

Fields argues that there was no error committed by the Court of Appeals in ordering the suppression of the evidence and that the law interpreting the arrest statute was changed in 2005 and the charge against him arose in 2002. He claims that the new interpretation changing the basis for a misdemeanor arrest cannot be applied retroactively.

In November of 2002, a Lexington police detective was patrolling the Arbor Grove neighborhood for a suspected drug dealer when he noticed Fields in the parking lot of an apartment complex owned by the Lexington Housing Authority which was posted against trespassing and loitering. When Fields saw the police vehicle, he abruptly turned and walked away from the cruiser. When the officer drove past him, he again reversed his course and did so a third time in what seemed to be an attempt to avoid contact with the police. The officer stopped and called to Fields

twice and ultimately Fields approached him the second time.

When asked his purpose for being on the property, Fields replied that he was visiting "his people" but did not provide the names and addresses of any residents of the adjacent complex. The officer then arrested Fields for criminal trespass. A search of Fields' person incident to this arrest produced a quantity of cocaine and a crack pipe. He was subsequently indicted for first-degree possession of cocaine, possession of drug paraphernalia, criminal trespass in the third degree, and as a persistent felony offender in the first degree. The trespassing charge was ultimately dismissed as part of the agreement under which Fields entered his conditional guilty plea.

The trial judge denied a motion by Fields to suppress the evidence relying on *Commonwealth v. Banks*, 68 S.W.3d 347 (Ky.2001), which held that an investigatory stop was justified where the person appeared to be trespassing at a complex posted against trespassing in a high crime area. Fields entered a conditional guilty plea to drug possession and the PFO charges, reserving the suppression issue, and was sentenced to ten years in prison. The Court of Appeals rejected Fields' assertion that the initial stop was unjustified, reasoning that the evasive actions provided a reasonable suspicion to justify the stop. However, the Court of Appeals suppressed the search because it believed that the arrest was improper because the officer lacked sufficient information to arrest pursuant to KRS 431.005(1)(e) so as to allow an arrest for criminal trespass committed in the presence of the officer. This Court accepted discretionary review.

## I. Standard for Arrest

Fields argues that pursuant to KRS 431.005, an arrest for trespassing cannot be based on probable cause. He contends that such an arrest could be made only if the prosecution could prove beyond a reasonable doubt that the offense was committed in the presence of the officer. Fields, as well as the Court of Appeals, relies on the language in *Mash v. Commonwealth*, 769 S.W.2d 42 (Ky.1989), which states that probable cause is not a sufficient basis to make a warrantless arrest for a misdemeanor. However, this Court in *Commonwealth v. Mobley*, 160 S.W.3d 783 (Ky.2005), held that the appropriate analysis to determine a lawful misdemeanor arrest is whether a reasonable officer could conclude from all the facts that a misdemeanor is being committed in his presence. *Mobley* supported its conclusion by referring to *Maryland v. Pringle*, 540 U.S. 366, 372, 124 S.Ct. 795, 800–01, 157 L.Ed.2d 769 (2003).

In *Mobley*, the officer arrested the driver and two passengers of a truck. A later search of the truck and its occupants disclosed crack cocaine and a crack pipe. The question presented was whether the discovery by an officer of a crack pipe in plain view constitutes the commission of a misdemeanor in the presence of a police officer and thereby authorizes the arrest of passengers in close proximity to the drug paraphernalia. *Maryland v. Pringle, supra,* also involved the arrest of passengers during an automobile stop for speeding. The resulting search disclosed various items of contraband. The U.S. Supreme Court, in a unanimous decision, concluded that a warrantless search of an individual in a public place for a felony or a misdemeanor committed in the presence of the officer is consistent with the fourth amendment to the federal constitution if the arrest is supported by probable cause.

*Maryland v. Pringle, supra,* discussed the federal Fourth Amendment and how a warrantless arrest can be supported by probable cause. That Court concluded

that the phrase "probable cause" is incapable of precise definition or quantification into percentages because the standard deals with probabilities and depends on the totality of the circumstances. In the federal system to determine whether an officer had probable cause to arrest, examination is made of the events leading to the arrest and the decision of the officer as to whether these facts, viewed from the standpoint of an objectively reasonable police officer amounts to probable cause. *Mobley* recognizes the fact that it involved a misdemeanor rather than a felony but that *Pringle* is analogous and persuasive. It held that the appropriate analysis to determine a lawful misdemeanor arrest is whether a reasonable officer could conclude from all the facts that a misdemeanor is being committed in his presence. We agree and hold that both *Mobley* and *Pringle* are persuasive and instructive in this situation.

Fields was initially arrested for criminal trespass. A person is guilty of criminal trespass when he "knowingly enters or remains unlawfully in or upon the premises." KRS 511.080(1). Fields was loitering in an area posted with no trespass, and no loitering signs.

The officer reached a reasonable conclusion that Fields was committing a trespassing violation in his presence. Fields was trespassing when the officer approached him because Fields was on the property of the Lexington Housing Authority. He was not with anyone, and apparently not going to any particular place. The property was clearly marked "No Trespassing, Congregating or Loitering" and was specifically marked for residents and guests only. The officer questioned Fields on the housing authority property, but Fields did not name anyone that he was visiting or an address that he was visiting. The officer then arrested him for third-degree trespassing. The arrest was lawful, and the search incident to arrest which followed, was as well.

The conduct of the officer was consistent with the trespassing violation and with the directives of *Pringle* and *Mobley*. It fulfilled the requirements of the statute and the case law. The arrest was proper because a reasonable officer could conclude from all the facts and circumstances that a violation was being committed in his presence. The stop and arrest was not a pretext and such an argument was neither raised nor was any evidence introduced regarding that possibility.

The approach of the Court of Appeals was in error because it relied on *Mash*. That case was overruled by this Court in *Mobley*. The Court of Appeals improperly held that the prosecution could not present on appeal an alternative reason justifying the decision of the trial judge. This Court has affirmed a judgment or decision of the trial court even if that court reached the right result for the wrong reason. *Hodge v. Commonwealth*, 116 S.W.3d 463 (Ky. 2003); *Noel v. Commonwealth*, 76 S.W.3d 923 (Ky.2002); *Jarvis v. Commonwealth*, 960 S.W.2d 466 (Ky.1998).

It should be noted that Fields argues that the initial *Terry* stop was improper. We disagree. As stated by the United States Supreme Court in *Illinois v. Wardlow*, 528 U.S. 119, 124–25, 120 S.Ct. 673, 676, 145 L.Ed.2d 570 (2000), the unprovoked evasive maneuvers of a suspect can provide the requisite reasonable, articulable suspicion to justify a brief *Terry* stop investigation. This officer had a reasonable and an articulable suspicion that Fields was trespassing. The officer merely asked Fields for his destination within the housing project and when Fields had no answer, the officer was certain Fields committed the crime. The arrest was not an over-extension of a *Terry* stop, but was because the officer became certain that Fields was committing a crime in his pres-

ence. Thus, the officer in this case had clear authority to arrest Fields.

### II. *Mobley* Application

The suppression of the evidence, the validity of the arrest and proper interpretation of KRS 431.005(1)(d)(e) and *Mash* have always been issues in this case. In his brief, Fields admits that the prosecution has advocated overruling *Mash* from the beginning of this case. This is not a matter wherein the legislature has criminalized conduct that previously was no crime or where the interpretation of this Court of a statute causes conduct which was not previously criminal to become such. The interpretation of KRS 431.005 declared in *Mobley* applies to Fields because that has been the issue in this case from the beginning. That is—whether the arrest was proper. *Cf. Walker v. Commonwealth,* 127 S.W.3d 596 (Ky.2004); *Commonwealth v. Hay,* 987 S.W.2d 792 (Ky.App.1998). Here, the arrest was proper, the search was proper, the stop was proper and the circuit court decision to allow the evidence was also proper. The decision to direct the suppression of the evidence by the Court of Appeals was incorrect.

It is the decision of this Court that *Mobley* represents the proper standard and that the correct analysis is that probable cause is proper to determine that a lawful arrest occurs when a reasonable officer could conclude from all the facts and circumstances that an offense is being committed in his presence.

The decision of the Court of Appeals is reversed and the judgment of the trial court is reinstated.

All concur.