RENDERED:  JANUARY 28, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-0817-MR

DANIELLE COATS											APPELLANT


APPEAL FROM BARREN CIRCUIT COURT
v.				HONORABLE JOHN T. ALEXANDER, JUDGE
ACTION NO. 19-CR-00130


COMMONWEALTH OF KENTUCKY								APPELLEE


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  ACREE, GOODWINE, AND JONES, JUDGES.

ACREE, JUDGE:  Danielle Coats appeals the Barren Circuit Court's order denying her motion to suppress evidence.  She claims her detention was prolonged unconstitutionally to await arrival of a K-9 unit to conduct a search.  We affirm.

On October 29, 2018, around 9:00 PM, Deputy James Roberts was on patrol when he noticed a pickup truck parked next to a dumpster and two individuals "dumpster diving."  The dumpster was located within the curtilage of a

construction site property. Officer Roberts was familiar with the area and the specific premises and knew marketable, even valuable, scrap metal was often in the dumpsters. He was concerned the individuals were trespassing and stealing.

Officer Roberts approached the two individuals who were outside the truck and asked if they had permission to take items from the dumpster. He never received a clear answer. This prompted Officer Roberts to ask for the individuals' identifications. Upon returning to his cruiser, he contacted dispatch to run the driver's licenses of Christopher Solich and Danielle Coats. Both licenses were suspended and Solich and Coats each had a criminal history of drug charges.

When Officer Roberts returned to speak with the individuals, Solich would not make eye contact and appeared uncomfortable. Officer Roberts asked permission to search the truck, which Solich denied. He then again contacted dispatch, requesting assistance from a K-9 unit which arrived in about ten minutes. In the meantime, more officers arrived on the scene. They explained to Solich and Coats that a K-9 unit had been summoned because of the "overall circumstances."

Upon arrival, the canine alerted to drugs on the passenger side of the truck, so the officers searched the vehicle. They found Coats's purse and asked her whether she had any syringes in her purse and explained the question was for officer safety, so no one would get stuck with a needle. Coats answered in the affirmative. The search of Coats's purse revealed a syringe loaded with

-2-

methamphetamine, an empty syringe, a glass pipe, a spoon, a digital scale, and two Gabapentin pills.

Although the officers initially approached the couple on a suspicion of trespassing or theft, they were never able to determine whether they were on private property with permission. However, Coats was charged and indicted for first-degree possession of a controlled substance, third-degree possession of a controlled substance, and possession of drug paraphernalia.

Coats moved to suppress admission of the evidence officers found in her purse, alleging her detention until the K-9 unit arrived violated her constitutional rights. At the suppression hearing, Officer Roberts testified to the facts set out above. The circuit court took the matter under advisement, but eventually denied the motion, concluding the police interaction began as a consensual encounter that developed into a situation warranting additional investigation. Coats subsequently entered a conditional plea, reserving the right to appeal. She was sentenced to one-year imprisonment. This appeal followed.

In reviewing a trial court's ruling on a motion to suppress, we employ a two-step process. *Adcock v. Commonwealth*, 967 S.W.2d 6, 8 (Ky. 1998). First, we examine whether the trial court's findings of fact are supported by substantial evidence. *Id.* If the trial court's factual findings are not clearly erroneous, then we

conduct a *de novo* review of its applicability of the law to the facts. *Brown v. Commonwealth*, 416 S.W.3d 302, 307 (Ky. 2013).

This incident began because Officer Roberts suspected Coats and Solich were trespassing and stealing from a dumpster on private property. Coats admits she was "'dumpster diving' at a construction site." (Appellant's brief, p. 2.) Obviously, neither Coats nor Solich owned the real property Officer Roberts found them on. This Court will presume Coats was "seized" for Fourth Amendment purposes when Officer Roberts began investigating the violation he believed was committed in his presence – trespassing. It is irrelevant that neither Coats nor Solich was charged with trespass. What matters is whether Officer Roberts had probable cause to take Coats into physical custody for trespass from the point in time she claims she was wrongfully detained, for if it would have been lawful to take her into custody, it must have been lawful to detain her long enough to engage in the investigation the officers conducted.

For purposes of analyzing whether there was probable cause to arrest Coats for trespassing, the facts of this case are not distinguishable from those of another in which only trespassing was suspected, *Commonwealth v. Fields*, 194 S.W.3d 255 (Ky. 2006). In *Fields*, a police detective was on patrol when he noticed Fields in an apartment complex parking lot. He approached Fields and asked his purpose in being there. Said the Court,

Fields replied that he was visiting "his people" but did not provide the names and addresses of any residents of the adjacent complex. The officer then arrested Fields for criminal trespass. A search of Fields' person incident to this arrest produced a quantity of cocaine and a crack pipe.

*Id.* at 256. We here take note that Fields's explanation for his presence there was no more conclusive, either way, than Coats's and Solich's explanation in this case.

*Fields* further held that, when trespassing is observed by a police officer, the trespasser can be arrested.[1] *Id.* "[P]robable cause for arrest involves reasonable grounds for the belief that the suspect . . . is committing . . . an offense." *McCloud v. Commonwealth*, 286 S.W.3d 780, 785-86 (Ky. 2009) (quoting *Baltimore v. Commonwealth*, 119 S.W.3d 532, 538-39 (Ky. App. 2003)). The only question, said the Court in *Fields*, "is whether a reasonable officer could conclude from all the facts that a misdemeanor is being committed in his presence." *Fields*, 194 S.W.3d at 256. We apply that analysis here.

---

[1] Despite being "an intuitively simple concept[,]" the term "arrest" has yet to be defined by the Supreme Court of the United States, and does not appear in the Fourth Amendment. Thomas K. Clancy, *What Constitutes an "Arrest" Within the Meaning of the Fourth Amendment?*, 48 VILL. L. REV. 129, 130 (2003). In pre-*Terry* Kentucky, our Criminal Code of Practice said, "An arrest is made by placing the person of the defendant in restraint, or by his submitting to the custody of the person making the arrest." *Kentucky Bankers Ass'n v. Cassady*, 264 Ky. 351, 94 S.W.2d 622, 624 (1936). *See Terry v. Ohio*, 392 U.S. 1, 88 S. Ct. 1868, 20 L. Ed. 2d 889 (1968). Because the issue in *Fields* was a Fourth Amendment seizure of the person, we construe *Fields*'s concept of "arrest" as equivalent to a seizure of the person such that their mobility is arrested; *i.e.*, restrained by any means such as "the threatening presence of several officers, the display of a weapon by an officer, some physical touching of the person of the citizen, or the use of [a law enforcement officer's] language or tone of voice . . . ." *United States v. Mendenhall*, 446 U.S. 544, 554-55, 100 S. Ct. 1870, 1877, 64 L. Ed. 2d 497 (1980) (citations omitted).

"A peace officer may make an arrest . . . [w]ithout a warrant when a violation of KRS . . . 511.080 [criminal trespass in the third degree] has been committed in his or her presence . . . ." KRS 431.005(1)(e). "A person is guilty of criminal trespass in the third degree when he knowingly enters or remains unlawfully in or upon premises." KRS 511.080(1). Officer Roberts was entitled, without a warrant, to detain and even arrest Coats if "a reasonable officer could conclude from all the facts and circumstances that a violation was being committed in his presence." *Fields*, 194 S.W.3d at 257 (citing *Commonwealth v. Mobley*, 160 S.W.3d 783 (Ky. 2005)).

The facts here are that Officer Roberts was familiar with his patrol area. After dark, he spotted Coats and Solich on real property they did not own, rummaging through personal property they did not own. They failed to explain that their presence on someone else's property was by permission or was otherwise lawful. A reasonable officer could conclude from such facts and circumstances that Coats and Solich were committing a criminal trespass in his presence.

If Coats believed she was not free to leave – a reasonable assumption given the circumstances – she was most likely right. There was probable cause to arrest her movement; *i.e.*, she was lawfully detained while law enforcement officers engaged in their investigation. If Coats had decided to walk away, Officer Roberts would have had to decide whether to rely on probable cause to use more

-6-

force to restrain her.  Because Coats did not test her freedom to leave, additional restraint of her freedom was unnecessary.  It is irrelevant that she was not charged with the crime which precipitated these events.

As noted in *Fields*, "The U.S. Supreme Court, in a unanimous decision, concluded that a warrantless search of an individual in a public place for a felony or a misdemeanor committed in the presence of the officer is consistent with the fourth amendment to the federal constitution if the arrest is supported by probable cause."  194 S.W.3d at 256.  Logically, it should make no difference if the search is conducted on private property which the suspects are trespassing.  The following final quote from *Fields* is appropriate:

> Here, the arrest was proper, the search was proper, the stop was proper and the circuit court decision to allow the evidence was also proper. . . .
>
> . . . [T]he correct analysis is that probable cause is proper to determine that a lawful arrest occurs when a reasonable officer could conclude from all the facts and circumstances that an offense is being committed in his presence.

*Id.* at 258.  The Barren Circuit Court's December 26, 2019 order is affirmed.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Karen Shuff Maurer
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Stephanie L. McKeehan
Assistant Attorney General
Frankfort, Kentucky