RENDERED: NOVEMBER 17, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-1348-MR

SHAWNTINA TROTTER-DANIEL                 APPELLANT

v.
APPEAL FROM CHRISTIAN CIRCUIT COURT
HONORABLE JASON S. FLEMING, JUDGE
ACTION NO. 21-CI-00064

ADRIAN DANIEL                               APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: ACREE, DIXON, AND McNEILL, JUDGES.

DIXON, JUDGE: Shawntina Trotter-Daniel appeals from the Findings of Fact,

Conclusions of Law and Final Decree of Dissolution of Marriage, Property Issues

and Custody, as well as the order denying her motion to alter, amend, or vacate

said judgment, entered by the Christian Circuit Court on October 13, 2022, and

November 2, 2022, respectively. Following a careful review of the record, briefs,

and applicable law, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

Shawntina and Adrian Daniel were married in Kentucky in 2012, after which there were four children born of the marriage. In March 2020, the Daniels visited Shawntina's parents in Arizona. They discussed relocating to Arizona and listed their Kentucky home for sale in April 2020.

According to Shawntina, beginning on or about May 31, 2020, she and the children stayed with her parents in Arizona while she sought a new residence, job, school for the children, and healthcare.

According to Adrian, in August 2020, he helped move the family from Kentucky into an apartment in Arizona. The following month, after learning his job transfer to Arizona was not approved, Adrian returned to Kentucky.

In November 2020, Shawntina petitioned an Arizona court for divorce. In January 2021, the Arizona court entered an order dismissing the action, due to lack of jurisdiction over the children, and recognized Kentucky as their home state. Three days later, Adrian petitioned Kentucky's Christian Circuit Court for divorce. The circuit court found it had jurisdiction over the parties and the children and, following a hearing, entered its Findings of Fact, Conclusions of Law, and Final Decree of Dissolution of Marriage, Property Issues and Custody. Shawntina moved the circuit court to alter, amend, or vacate its judgment, but her motion was denied. This appeal followed.

## STANDARD OF REVIEW

Shawntina first argues the circuit court did not have subject matter jurisdiction. Subject matter jurisdiction is "the court's power to hear and rule on a particular type of controversy." *Nordike v. Nordike*, 231 S.W.3d 733, 737 (Ky. 2007). "The question of jurisdiction is ordinarily one of law, meaning that the standard of review to be applied is de novo." *Harrison v. Park Hills Bd. of Adjustment*, 330 S.W.3d 89, 93 (Ky. App. 2011) (internal quotation marks and citation omitted).

## LEGAL ANALYSIS

On appeal, Shawntina argues that Kentucky lacks subject matter jurisdiction because Arizona has proper jurisdiction under the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA). We disagree.

The UCCJEA is codified in KRS[1] 403.800 through 403.880 and applies to proceedings "in which legal custody, physical custody, or visitation with respect to a child is an issue. The term includes a proceeding for divorce, separation, neglect, abuse, dependency, guardianship, paternity, termination of parental rights, and protection from domestic violence[.]" KRS 403.800(4).[2]

---

[1] Kentucky Revised Statutes.

[2] Arizona has also adopted the UCCJEA. *See* Arizona Revised Statutes (A.R.S.) 25-1001 *et seq.*

Shawntina argues that the determination of which state has proper jurisdiction under the UCCJEA depends on the home state of the children. Under KRS 403.800(7), "'Home state' means the state in which a child lived with a parent or a person acting as a parent for at least six (6) consecutive months **immediately _before_ the commencement** of a child custody proceeding." (Emphasis added.)

KRS 403.822 provides that a court "shall have jurisdiction to make an initial child custody determination _**only if**_" the "state is the home state of the child **on the date of the commencement of the proceeding**[.]" (Emphasis added.) Shawntina filed her Arizona petition on November 24, 2020, claiming that she and the children had lived in Arizona since May 31, 2020. Adrian moved to dismiss her petition, asserting that the children did not move to Arizona until August 2020. The Arizona court correctly found:

> Under either scenario, the children had not lived in Arizona for six full consecutive months at the time the petition was filed thereby making Kentucky, and not Arizona, the home state of the children. The Court therefore has no jurisdiction over the children. And because the Court has no jurisdiction over the children, the Court finds that it would be an inconvenient forum to litigate the other issues associated with [Shawntina's] petition.

After Adrian filed his petition in Kentucky, the Christian Circuit Court heard the testimony of the parties and found Adrian's assertion that the

children did not move to Arizona until August 2020 more credible than Shawntina's claim that they moved in May 2020. The circuit court's determination of the children's home state was a factual finding. *Danaher v. Hopkins*, 449 S.W.3d 765, 769 (Ky. App. 2014). A court's findings of fact may be set aside only if those findings are clearly erroneous. *Moore v. Asente*, 110 S.W.3d 336, 354 (Ky. 2003). Findings of fact are clearly erroneous if they are not supported by substantial evidence. *Id*. "Substantial evidence is evidence that a reasonable mind would accept as adequate to support a conclusion and evidence that, when taken alone or in the light of all the evidence, . . . has sufficient probative value to induce conviction in the minds of reasonable men." *Id*. (internal quotation marks and citations omitted).

In the case herein, Adrian's testimony constitutes substantial evidence. Moreover, Shawntina admitted that the children moved to Arizona in August 2020 in her answer to Adrian's petition. Accordingly, since the trial court's finding that the children did not move to Arizona until August 2020 was supported by substantial evidence, it cannot be set aside. The fact that substantial evidence may also support a contrary conclusion is immaterial.[3] Consequently,

---

[3] It is well-established that:

> Regardless of conflicting evidence, the weight of the evidence, or the fact that the reviewing court would have reached a contrary finding, "due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses" because judging the

Kentucky was the children's home state at the time Adrian filed his petition in Kentucky, and the circuit court did not err in its conclusion that it had jurisdiction over the case under the UCCJEA.

Even if the trial court erred in finding that the children did not move to Arizona until August 2020, we may affirm a correct result – that the circuit court had jurisdiction under the UCCJEA – upon any ground supported by the record. *Commonwealth v. Fields*, 194 S.W.3d 255, 257 (Ky. 2006). KRS 403.822 further provides that a court "shall have jurisdiction to make an initial child custody determination" if:

> (a) This state . . . was the home state of the child within six (6) months before the commencement of the proceeding and the child is absent from this state but a parent or person acting as a parent continues to live in this state; or
>
> (b) A court of another state does not have jurisdiction under paragraph (a) of this subsection, or a court of the home state of the child has declined to exercise jurisdiction on the ground that this state is the more appropriate forum under KRS 403.834 or 403.836; and
>
> 1. The child and the child's parents, or the child and at least one (1) parent or a person acting as a parent,

---

credibility of witnesses and weighing evidence are tasks within the exclusive province of the trial court. Thus, "[m]ere doubt as to the correctness of [a] finding [will] not justify [its] reversal," and appellate courts should not disturb trial court findings that are supported by substantial evidence.

*Id*. at 354 (footnotes omitted).

have a significant connection with this state other than mere physical presence; and

2. Substantial evidence is available in this state concerning the child's care, protection, training, and personal relationships[.]

Here, Kentucky's Christian Circuit Court properly exercised jurisdiction in making the initial custody determination of the children because even if Kentucky was not the "home state" on the date Adrian's petition was filed, it certainly had been within the preceding six months, and Adrian still lived in Kentucky. Alternatively, Arizona did not have or exercise jurisdiction; Adrian and the children have significant connections with Kentucky, including family and friends who live herein; and substantial evidence is available in Kentucky concerning the children's care, protection, training, and personal relationships. Either way, the Kentucky court had jurisdiction under the UCCJEA.

## CONCLUSION

For the foregoing reasons, the orders of the Christian Circuit Court are AFFIRMED.


ALL CONCUR.

BRIEFS FOR APPELLANT:

Nancy E.S. Calloway
Elkton, Kentucky

BRIEF FOR APPELLEE:

James G. Adams, III
Hopkinsville, Kentucky